FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 23 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
YEHOSHUA JUSEWITZ

               Plaintiff,

-against-

PETER T. ROACH & ASSOCIATES, P.C.

               Defendant.
--------------------------------------------------------

CV 11-3017
COMPLAINT

TOWNES, J.
LEVY, M.J.

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2     Plaintiff is a natural person residing in Kings York County, New York.

0.3     Upon information and belief, defendant Peter T. Roach & Associates, P.C. is a collection law firm with its principal location in Syosset, New York. Defendant is a debt collector within the meaning of the FDCPA.

## JURISDICTION

0.4     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1     Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2     That a personal debt was allegedly incurred by the plaintiff.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to defendant for collection.

1.4     In or about May, 2011, the plaintiff and defendant entered into an agreement whereby the underlying debt was to be settled for $1,300.00 (see letter agreement attached hereto).

1.5     Prior to having entered into the agreement, the defendant had threatened the plaintiff that the defendant would file a lawsuit against the plaintiff.

1.6     The plaintiff felt threatened and settled the matter so that the plaintiff would not get sued.

1.7     At the time that the parties reached an agreement, the defendant specifically represented to the plaintiff that the plaintiff would not be served with a summons and complaint.

1.8     The defendant lied to the plaintiff and caused its process server to serve the plaintiff.

1.9     The summons and complaint reflects that it was prepared on April 27, 2011 (see attached).

1.10    The summons reflects that it was filed in court on May 13, 2011 (see attached).

1.11    In a letter to the plaintiff dated May 31, 2011, the defendant acknowledged receipt of payment but that the account would not be officially released until the payment clears.

1.12    Subsequent to the receipt of the said May 31, 2011 letter, on or about June 15, 2011, the defendant caused the plaintiff to be served with a summons and complaint.

1.13    Upon receipt of the summons and complaint, the plaintiff became distraught and was concerned about his heart and health due to the stress.

1.15    Subsequent to the receipt of the summons and complaint, the plaintiff received a form from the court concerning responding to the summons and complaint.

1.16    The plaintiff suffered emotional distress damages.

1.17    The defendant engaged in conduct the natural consequences of which was to harass, oppress, and abuse the plaintiff in connection with the collection of the debt at issue.

1.18   The defendant used false, deceptive and misleading representations and means in connection with the collection of the debt at issue.

1.19   The defendant falsely represented the character, amount, or legal status of the debt at issue.

1.20   The defendant falsely represented that there was no agreement between the parties by having the plaintiff served so that there could potentially be post judgment remedies despite the fact that there was a settlement between the parties and that such potential action would be lawful and the defendant intended to take such action.

1.21   By serving the summons and complaint, the defendant threatened to take any action that could not legally be taken.

1.22   The defendant used unfair and unconscionable means to collect or attempt to collect any debt.

1.23   Defendant violated the FDCPA. Defendant's violations include, *but are not limited to*, the following:

   (a)   The defendant violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which harassed, oppressed the plaintiff.

   (b)   The defendant violated 15 U.S.C. § 1692e(5) by threatening an actions which were not intended to be taken.

   (c)   The defendant violated 15 U.S.C. § 1692e(10) by using false deceptive and misleading means in connection with the collection of an alleged debt.

1.24   As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)   Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount

to be determined at the time of trial.

    (b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c)    For such other and further relief as may be just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

2.1    Plaintiff repeats and realleges paragraphs 0.1 through 1.22 as if fully set forth herein.

2.2    The conduct of the defendant was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society to serve a consumer with a summons and complaint after the parties have resolved the matter.

2.3    Defendant intentionally or recklessly caused the plaintiff to suffer severe emotional distress.

2.4    Defendant disregarded the substantial probability of causing the plaintiff to suffer severe emotional distress.

2.5    Defendant caused the plaintiff to suffer severe emotional distress.

2.6    Defendant's actions intentionally directed at the plaintiff lacked any reasonable justification.

2.7    Plaintiff is entitled to punitive damages.

**WHEREFORE**, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Compensatory damages.

    (b)    Punitive damages in the amount of $1,000,000.00.

    (c)    Costs of the action.

    (d)    For such other and further relief as may be just and proper.

                        Dated: Cedarhurst, New York
                                June 23, 2011

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)